| Attorney or Party without Attorney: | | |
|---|---|---|
| Troy B.Froderman, Esq.<br>POLSINELLI, PC<br>One East Washington 1200<br>Phoenix, AZ 85004<br>TELEPHONE No.: (602) 650-2000 | | MICHAEL K. JEANES, CLERK<br>RECEIVED F C LOBBY<br>DOCUMENT DEPOSITORY<br><br>'15 JUN 19 AM 8: 44 |
| Attorney for: Plaintiff | Ref No. or File No.:<br>070225-495080 | |

Insert name of Court, and Judicial District and Branch Court:
In MARICOPA COUNTY SUPERIOR COURT in and for the County of MARICOPA

Plaintiff: P.F. CHANG'S CHINA BISTRO, INC., a Delaware Corporation
Defendant: FEDERAL INSURANCE COMPANY, an Indiana corporation

| **CERTIFICATE OF SERVICE** | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER:<br>CV2015-006891 |
|---|---|---|---|---|

At the time of service I was at least 18 years of age and authorized to serve process in this case.

I served copies of the SUMMONS; CIVIL COVER SHEET; COMPLAINT; DEMAND FOR JURY TRIAL; CERTIFICATE OF COMPULSORY ARBITRATION; ACCEPTANCE FEE CHECK # 17945 FOR $15.00 TO THE ARIZONA DEPARTMENT OF INSURANCE

a. Party served        FEDERAL INSURANCE COMPANY THRU THE ARIZONA DEPARTMENT OF INSURANCE

b. Person Served      AMANDA BUETTNER - ADMINISTRATIVE ASSISTANT III
    Age: 40 yrs. Race: Caucasian Sex: Female Eyes:  Height: Seated Weight:  Hair: Dirty Blonde

Address where served: 2910 N 44TH STREET 210
                  PHOENIX, AZ 85018

5. I served the party
    a. I personally delivered the documents to the party or person authorized to
       receive service of process for the party (1) on: 6/17/2015    (2) at: 4:36 PM

Person who served papers:

NATIONWIDE LEGAL  Name: Ruben Herrera
    County of Maricopa, 8310
    3150 N. 24TH STREET, D-104
    Phoenix, AZ 85016
    (602) 256.9700
    www.nationwideasap.com

The fee for service was: $ 112.93

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct.

Date:  June 17, 2015

                                      (Ruben Herrera)

144967

144967.070225-495080

Troy B. Froderman (#012717)
tfroderman@polsinelli.com
Anthony W. Merrill (#022598)
amerrill@polsinelli.com
E. Tanner Warnick (#029100)
twarnick@polsinelli.com
**POLSINELLI PC**
One East Washington Street, Suite 1200
Phoenix, AZ 85004
Phone: (602) 650-2000
Fax: (602) 264-7033

*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| P.F. CHANG'S CHINA BISTRO, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL INSURANCE COMPANY, an Indiana corporation,<br><br>Defendant. | Case No. **CV2015-006891**<br><br>**SUMMONS**<br><br>If you would like legal advice from a lawyer, contact the Lawyer Referral Service at 602-257-4434 or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association |

THE STATE OF ARIZONA TO:

**Federal Insurance Company**
**c/o Director of Insurance**
**Department of Insurance**
**2910 N. 44th St., Suite 210**
**Phoenix, AZ 85018-7256**

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within twenty (20) days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona—whether by direct service, by registered or certified mail, or by publication—you shall appear and defend within thirty (30) days after the service of the Summons

1

and Complaint upon you, exclusive of the day of service.  Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of forty (40) days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete thirty (30) days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete thirty (30) days after the date of first publication. Direct service is complete when made.  Service upon the Arizona Motor Vehicle Superintendent is complete thirty (30) days after filing the Affidavit of Compliance and return receipt or Officer's Return.  ARIZ. R. CIV. P. 4, 12; ARIZ. REV. STAT. ANN. §§ 20-222, 28-502, 28-503.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney. ARIZ. CIV. P. 5, 10(d); ARIZ. REV. STAT. ANN. § 12-311.

The name and address of Plaintiff's attorneys are:

Troy B. Froderman
Anthony W. Merrill
E. Tanner Warnick
**POLSINELLI PC**
One East Washington Street, Suite 1200
Phoenix, AZ 85004
(602) 650-2000

**Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least three judicial days in advance of a scheduled court proceeding.**

SIGNED AND SEALED this date: _____



MICHAEL K. JEANES
Clerk, Maricopa County Superior Court

MAY 2 1 2015

By: _____

MICHAEL K. JEANES, CLERK
D. CADY
DEPUTY CLERK

Deputy Clerk

2

504265471

1  Troy B. Froderman (#012717)
   tfroderman@polsinelli.com
2  Anthony W. Merrill (#022598)
   amerrill@polsinelli.com
3  E. Tanner Warnick (#029100)
4  twarnick@polsinelli.com
   **POLSINELLI PC**
5  One East Washington Street, Suite 1200
6  Phoenix, AZ 85004
   Phone: (602) 650-2000
7  Fax: (602) 264-7033

8  *Attorneys for Plaintiff*

9

10        **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

11             **IN AND FOR THE COUNTY OF MARICOPA**

12  P.F. CHANG'S CHINA BISTRO, INC., a       Case No. **CV2015-006891**
    Delaware Corporation,
13
                          Plaintiff,          **COMPLAINT FOR**
14                                            **(1) BREACH OF CONTRACT, AND**
15  vs.                                       **(2) DECLARATORY JUDGMENT**

16  FEDERAL INSURANCE COMPANY,
17  an Indiana corporation and a wholly-
    owned subsidiary of the Chubb
18  Corporation,

19
                          Defendant.
20

21        Plaintiff P.F. Chang's China Bistro, Inc. ("P.F. Chang's") alleges the following

22  claims for breach of contract and declaratory judgment against Defendant Federal

23  Insurance Company ("Federal"):

24               **PARTIES, JURISDICTION, AND VENUE**

25        1.    Plaintiff P.F. Chang's is a corporation organized under the laws of the

26  State of Delaware with its principal place of business in Maricopa County, Arizona.

27        2.    Defendant Federal Insurance Company is a corporation organized under

28  the laws of the State of Indiana with its principal place of business in Indiana.  Federal

MICHAEL K. JEANES, CLERK
RECEIVED CCC #4
NIGHT DEPOSITORY

15 MAY 21   PM 6: 04

**FILED**
BY D. CADY, DEP

**PAID**
319 - -
R# 24552410

1

is authorized to transact business within the State of Arizona.  Federal is a member of the Chubb Group of Insurance Companies and a wholly-owned subsidiary of the Chubb Corporation. Chubb & Son, Inc. is a division of Federal and is also Federal's Claims Manager with respect to the insurance policy at issue here.  The allegations in this Complaint will refer to these entities collectively as "Chubb."

3.    This action arises out of an insurance contract negotiated, entered into, and issued in Scottsdale, Arizona, and thus this Court has jurisdiction pursuant to Ariz. Rev. Stat. § 12-123.

4.    Venue is proper in this district pursuant to Ariz. Rev. Stat. § 12-401 because Chubb resides outside the state, P.F. Chang's principal place of business is in Maricopa County, and the actions giving rise to P.F. Chang's claims occurred in Maricopa County.

5.    The Court has personal jurisdiction over Chubb because it purposely availed itself of the benefits of the laws of Arizona, including obtaining authorization to transact business in Arizona and entering into an agreement with P.F. Chang's, which has its principal place of business in Maricopa County, Arizona (a fact known to Chubb).

## GENERAL ALLEGATIONS

6.    P.F. Chang's incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

7.    This is an action for (1) breach of contract, and (2) declaratory judgment regarding an insurance policy.

### The Policy

8.    P.F. Chang's parent, Wok HoldCo LLC, purchased a Cybersecurity by Chubb$^{SM}$ policy, Policy No. 8223-3759 (the "Policy," attached hereto as Exhibit A), from Chubb, with a policy period of January 1, 2014 to January 1, 2015.

9.    The Policy's named insureds are Wok HoldCo LLC and any of its subsidiaries.

2

50417475.3

10.   P.F. Chang's is a subsidiary of Wok HoldCo LLC.

11.   The Policy has an aggregate limit of liability of $5 million minus the applicable retention amount and separate sublimits of liability and retention amounts that apply to the various insuring clauses contained in the agreement:

| Item 4. | LIMITS OF LIABILITY AND RETENTION AMOUNTS | | |
|---|---|---|---|
| | If **"NOT COVERED"** is inserted opposite any specified INSURING CLAUSE, such INSURING CLAUSE and any other reference to such INSURING CLAUSE in this Policy shall be deemed to be deleted. | | |
| | Insuring Clause | Each Claim Limit Of Liability | Retention Amount |
| (A) | Cyber Liability | 5,000,000 | 250,000 |
| | Additional Insuring Clauses | Single Loss Limit of Liability | Retention Amount |
| (B) and (C)(1) | Combined Limit for Privacy Notification Expenses and Crisis Management Expenses | 2,000,000 | 100,000 |
| (C)(2) | Reward Expenses | 25,000 | 5,000 |
| (D) | E-Business Interruption and Extra Expenses | 5,000,000 | $0 and 12 hours |
| (E) | E-Theft Loss | Not Covered | Not Covered |
| (F) | E-Communication Loss | Not Covered | Not covered |
| (G) | E-Threat Expenses | 5,000,000 | 250,000 |
| (H) | E-Vandalism Expenses | 5,000,000 | 250,000 |

Policy, Ex. A at Combined Privacy Notification Expense and Crisis Management Expense Endorsement.

### The Security Compromise and MasterCard's Assessments

12.   P.F. Chang's operates 212 branded restaurants in the United States.

13.   In June 2011, P.F. Chang's entered into a Merchant Services Agreement and an accompanying Merchant Services Bankcard Addendum with Bank of America Merchant Services, LLC ("BAMS"), under which BAMS handled certain aspects of these credit card transactions on P.F. Chang's behalf.

3

50417475.3

14.     On June 10, 2014, P.F. Chang's received notification from the United States Secret Service of a potential security compromise involving credit and debit card data reportedly stolen from certain P.F. Chang's China Bistro branded restaurants located in the continental United States (the "Security Compromise").

15.     P.F. Chang's immediately conducted an investigation into the potential security compromise.  As a result of that investigation, P.F. Chang's determined that 33 of its P.F. Chang's China Bistro branded locations located in the continental United States were potentially affected.

16.     MasterCard issued assessments as a direct result of the Security Compromise.

17.     Specifically, MasterCard issued the following assessments (the "Assessments"):

- $    50,000.00 – Case Management Fee
- $163,122.72 – ADC Operational Reimbursement
- $1,716,798.85 – ADC Fraud Recovery
  $1,929,921.57

18.     Upon information and belief, the "Case Management Fee" is related to considerations regarding P.F. Chang's compliance with Payment Card Industry Data Security Standards ("PCI DSS").

19.     Upon information and belief, the "ADC Operational Reimbursement" represents costs, as calculated by MasterCard, to notify MasterCard cardholders affected by the Security Compromise and to reissue and deliver payment cards with new account numbers and security codes to those cardholders.

20.     Upon information and belief, the "ADC Fraud Recovery" represents costs, as calculated by MasterCard, associated with fraudulent charges that may have arisen from, or may be related to, the Security Compromise.

21.     Under MasterCard's security rules and procedures, MasterCard has the authority to issue assessments, like the Assessments, to a merchant for financial responsibility related to a compromise, including the Security Compromise.

50417475.3

1    22.    The Assessments were issued to BAMS.

2    23.    On March 11, 2015, BAMS requested that P.F. Chang's pay the

3    Assessments.

4    24.    On April 15, 2015, P.F. Chang's paid the full amount of the Assessments

5    to BAMS who, upon information and belief, in turn paid MasterCard.

6    **Relevant Policy Provisions**

7    25.    The Policy contains the following insuring clauses:

8

9    I.    **INSURING CLAUSES**

10    A.    **CYBER LIABILITY**

11    The Company shall pay **Loss** on behalf of an **Insured** on account of any **Claim** first made against such **Insured** during the **Policy Period** . . . for **Injury**.

12

13    B.    **PRIVACY NOTIFICATION EXPENSES**

14    The Company shall pay **Privacy Notification Expenses** incurred by an **Insured** resulting from [**Privacy Injury**] or **Reputational Injury**.

15

16

17    . . .

18    D.    **E-BUSINESS   INTERRUPTION   AND   EXTRA EXPENSES**

19    The Company shall pay:

20    1.    The loss of **Business Income** an **Insured** incurs during

21    the **Period of Recovery** of **Services** due to the actual impairment or denial of **Operations** resulting directly

22    from **Fraudulent Access or Transmission**, and

23    2.    **Extra Expenses** an **Insured** incurs during the **Period**

24    **of Recovery Services** due to the actual or potential impairment or denial of **Operations** resulting directly

25    from **Fraudulent Access or Transmission**,

26    when the **Fraudulent Access or Transmission** causes an

27    actual or potential impairment or denial of **Operations** during the **Policy Period**.

28

5

50417475.3

Policy, Ex. A at 1 (emphasis in original).

26.     The Policy defines "Loss" as "the amount that an Insured becomes legally obligated to pay as a result of any covered Claim, including but not limited to damages . . . , judgments, settlements, pre-judgment and post-judgment interest and Defense Costs." *Id.* at 6 (emphasis removed).

27.     The Policy's definition of "Claim" includes "a written demand or written request for monetary damages or non-monetary relief . . . against an Insured for an Injury[.]" *Id.* at 2 (emphasis removed).

28.     The Policy's definition of "Injury" includes "Privacy Injury," which is defined as "injury sustained or allegedly sustained by a Person because of actual or potential unauthorized access to such Person's Record or exceeded access to such Person's Record, when such actual or potential unauthorized access or exceeded access occurs [during the Policy Period]." *Id.* at 5, Premier Privacy Endorsement at 1.

29.     The Policy's definition of "Record" includes "a natural person's first name or first initial, and last name, in combination with . . . their credit, debit or other payment card number"; "any information concerning a natural person that is defined as [] private personal information"; and "an organization's non-public information that is [] in an Insured's . . . care, custody, or control[.]" *Id.* Premier Privacy Endorsement at 1.

30.     The Policy's definition of "Privacy Notification Expenses" includes "the reasonable and necessary cost of notifying those Persons who may be directly affected by the potential or actual unauthorized access of a Record, and . . . changing such Person's account numbers, or other identification numbers and security codes[.]" *Id.* at 7.

31.     The Policy's definition of "Business Income" includes "net profit or loss that would have been earned or incurred before income taxes[.]" *Id.* at 2.

50417475.3

32.     The Policy defines "Extra Expenses" as reasonable expenses an Insured incurs in an attempt to continue Operations that are over and above the expenses such Insured would have normally incurred." *Id.* at 5.

33.     The Policy defines "Operations" as "an Insured's business activities." *Id.* at 6.

34.     Under the Policy, the "Period of Recovery of Services" begins, for Extra Expenses, "immediately after the actual or potential impairment or denial of Operations occurs," and for loss of Business Income, "twelve (12) business hours after the actual impairment or denial of Operations occurs[.]" *Id.* at Period of Recovery of Services and Extra Expense Retention Endorsement.  It ends on the earlier of "the date Operations are restored, with due diligence and dispatch, to the condition that would have existed had there been no impairment or denial;" or "sixty (60) days after the date an Insured's Services are fully restored, with due diligence and dispatch, to the level that would have existed had there been no impairment or denial." *Id.*

35.     The Policy provides that a "Fraudulent Access or Transmission" occurs when a person has "fraudulently accessed an Insured's System without authorization[.]" *Id.* at 5.

### Chubb's Denial of Coverage for P.F. Chang's Assessments

36.     On June 10, 2014, P.F. Chang's gave Chubb notice of the Security Compromise.  Chubb issued a written acknowledgement of that notice on June 11, 2014.

37.     In July 2014, P.F. Chang's tendered a claim to Chubb with respect to certain costs and expenses connected with the Security Compromise.

38.     In letters sent August 11, 2014, Chubb notified P.F. Chang's that it would indemnify P.F. Chang's for certain of these costs and expenses.

39.     On December 23, 2014, MasterCard issued a preliminary report setting forth the Assessments.

40.   Under the terms of the Policy, the "ADC Fraud Recovery" assessment imposed by MasterCard is covered under Insuring Clause A because it is a Loss that P.F. Chang's incurred on account of a Claim for Injury made against P.F. Chang's during the Policy Period.

41.   Under the terms of the Policy, the "ADC Operational Reimbursement" imposed by MasterCard is covered under Insuring Clause B of the Policy because it constitutes Privacy Notification Expenses incurred by P.F. Chang's as a result of a Privacy Injury. This assessment is also covered under Insuring Clause D.2 because it is an Extra Expense incurred by P.F. Chang's during the Period of Recovery of Services due to the actual impairment of Operations resulting directly from Fraudulent Access or Transmission.

42.   Under the terms of the Policy, the "Case Management Fee" imposed by MasterCard is covered under Insuring Clause D.2 because it is an Extra Expense incurred by P.F. Chang's during the Period of Recovery of Services due to the actual or potential impairment of Operations resulting directly from Fraudulent Access or Transmission.

43.   P.F. Chang's submitted these Assessments to Chubb, but Chubb has denied coverage.

## COUNT I

### (Breach of Contract)

44.   P.F. Chang's incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

45.   P.F. Chang's and Federal are parties to the Policy, an express contract.

46.   Chubb's conduct as described above constitutes a material breach of the Policy.

47.   As a direct and proximate result of these breaches, P.F. Chang's has suffered damages in an amount to be proven at trial.

8

50417475.3

## COUNT II

### (Declaratory Judgment)

48.     P.F. Chang's incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

49.     As set forth above, the Policy provides coverage for assessments imposed by credit-card companies in relation to fraud recovery, card reissuance costs, and PCI compliance considerations stemming from the Security Compromise.

50.     Chubb has asserted that the Policy does not provide coverage for these assessments.

51.     P.F. Chang's has already received these assessments from MasterCard and anticipates receiving a similar assessment from another credit-card company in the future.

52.     This controversy between P.F. Chang's and Chubb relates to the Policy and is present, substantial, and justiciable, and sufficiently invokes this Court's powers pursuant to Ariz. Rev. Stat. § 12-1831 *et seq.* to declare the Parties' rights and liabilities.

53.     The actual controversy between the Parties warranting declaratory judgment includes, but is not limited to, whether the Policy covers the assessments set forth above.

### PRAYER FOR RELIEF

WHEREFORE, P.F. Chang's prays for judgment against Federal Insurance Company as follows:

A.     Compensatory, consequential, and incidental damages in an amount to be proven at trial;

B.     An award of reasonable attorneys' fees and costs and disbursements for this action, as provided under the insurance policies, Ariz. Rev. Stat. §§ 12-341.01 and 12-341, the common law, and other applicable law;

C.     Prejudgment interest at the highest rates permitted by law and from the earliest date until paid in full;

9

50417475.3

1    D.    Post judgment interest at the legal rate for all sums awarded herein;

2    E.    A judicial declaration that the Policy provides coverage for the losses and

3  liabilities set forth in this Complaint; and

4    F.    Such other relief as the Court deems just and proper.

5    Dated this 21st day of May, 2015.

6                                  **POLSINELLI PC**

7

8    By:_____

9         Troy B. Froderman
         Anthony W. Merrill
         E. Tanner Warnick
10        One E. Washington St., Ste. 1200
         Phoenix, AZ 85004
11

12        *Attorneys for Plaintiff*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

Troy B. Froderman (#012717)
tfroderman@polsinelli.com
Anthony W. Merrill (#022598)
amerrill@polsinelli.com
E. Tanner Warnick (#029100)
twarnick@polsinelli.com
**POLSINELLI PC**
One East Washington Street, Suite 1200
Phoenix, AZ 85004
Phone: (602) 650-2000
Fax: (602) 264-7033

*Attorneys for Plaintiff*

MICHAEL K. JEANES, CLERK
RECEIVED CCC #4
NIGHT DEPOSITORY

**15 MAY 21  PM 6: 03**

**FILED**
BY D. CADY, DEP

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| P.F. CHANG'S CHINA BISTRO, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> FEDERAL INSURANCE COMPANY, an Indiana corporation, <br><br> Defendant. | Case No. CV2015-006891 <br><br> **CERTIFICATE OF COMPULSORY ARBITRATION** |

The undersigned certified that he knows the dollar limits and any other limitations set forth by the Local Rules of Practice for Maricopa County Superior Court, and further certifies that this case is <u>not</u> subject to compulsory arbitration, as provided by Rules 72 through 76 of the Arizona Rules of Civil Procedure.

Dated this 21st day of May, 2015.

1

50426633.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**POLSINELLI PC**

By: _____
      Troy B. Froderman
      Anthony W. Merrill
      E. Tanner Warnick
      One E. Washington St., Ste. 1200
      Phoenix, AZ 85004

      *Attorneys for Plaintiff*

2

50426633.1

MICHAEL K. JEANES, CLERK
RECEIVED CCC #4
NIGHT DEPOSITORY

**15 MAY 21  PM 6:03**

1   Troy B. Froderman (#012717)
    tfroderman@polsinelli.com
2   Anthony W. Merrill (#022598)
    amerrill@polsinelli.com
3   E. Tanner Warnick (#029100)
4   twarnick@polsinelli.com

**FILED**
BY D. CADY, DEP

5   **POLSINELLI PC**
    One East Washington Street, Suite 1200
6   Phoenix, AZ 85004
    Phone: (602) 650-2000
7   Fax: (602) 264-7033

8   *Attorneys for Plaintiff*

9

10          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

11              **IN AND FOR THE COUNTY OF MARICOPA**

12   P.F. CHANG'S CHINA BISTRO, INC., a   Case No.   **CV2015-006891**
     Delaware Corporation,
13
                            Plaintiff,     **DEMAND FOR JURY TRIAL**
14
15   vs.

16   FEDERAL INSURANCE COMPANY,
17   an Indiana corporation,

18                           Defendant.
19
20          Pursuant to Rule 38(b) of the Arizona Rules of Civil Procedure, Plaintiff, through
21   undersigned counsel, hereby requests a trial by jury.
22          Dated this 21st day of May, 2015.
23
24
25
26
27
28

                                    1

50425927.1

**POLSINELLI PC**

By: _____

    Troy B. Froderman
    Anthony W. Merrill
    E. Tanner Warnick
    One E. Washington St., Ste. 1200
    Phoenix, AZ 85004

    *Attorneys for Plaintiff*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

**Superior Court of Arizona**
**In Maricopa County**

C:

C: **CV2015-006891**

~~(Please Type or Print)~~

**Plaintiffs' Attorneys:** Troy B. Froderman /
Anthony W. Merrill / E. Tanner Warnick
**Attorneys Bar Numbers:** 012717 / 022598 / 029100

MICHAEL K. JEANES CLERK
RECEIVED CCC #4
NIGHT DEPOSITORY

Is Interpreter Needed? ☐ Yes ☒ No **15 MAY 21  PM 6: 04**

If yes, what language: _____ **FILED**
                                   BY D. CADY. DEP
To the best of my knowledge, all information is true and correct.

_Tanner_

**Attorney/Pro Per Signature** (if no attorney, YOUR signature)

Plaintiff's Name(s): (List all)

P.F. Chang's China Bistro, Inc.

Plaintiff's Address:

c/o Polsinelli P.C.

One E. Washington Street, Suite 1200

Phoenix, AZ 85004

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendants' Names: (List All)

Federal Insurance Company

(List additional defendants on page two and/or attach a separate sheet)

EMERGENCY ORDER SOUGHT:
(if applicable)

☐ Temporary Restraining Order
☐ OSC – Order to Show Cause
☐ Employer Sanction

☐ Provisional Remedy
☐ Election Challenge
☐ Other _____

**X** RULE 8(i) COMPLEX LITIGATION DOES NOT APPLY. (Mark appropriate box under **Nature of Action**)

☐ RULE 8(i) COMPLEX LITIGATION APPLIES. Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case"as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties. (Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category).

## NATURE OF ACTION
(Place an **"X"** next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**
☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death
**110 TORT NON-MOTOR VEHICLE:**
☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort
☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☐ 116 Other (Specify) _____

**120 MEDICAL MALPRACTICE:**
☐ 121 Physician M.D. ☐ 123 Hospital
☐ 122 Physician D.O ☐ 124 Other
**130 CONTRACTS:**
☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 138 Buyer-Plaintiff
☐ 139 Fraud
**X** 134 Other Contract (i.e. Breach of Contract)
☐ 135 Excess Proceeds-Sale
☐ Construction Defects (Residential/Commercial)
  ☐ 136 Six to Nineteen Structures
  ☐ 137 Twenty or More Structures

Superior Court of Arizona in Maricopa County
LRD January 19, 2011
50426993.1

Page 1 of 2

CV10f
Use current version

**150-199 OTHER CIVIL CASE TYPES:**                                    Case No. _____

- [ ] 156 Eminent Domain/Condemnation
- [ ] 151 Eviction Actions (Forcible and Special Detainers)
- [ ] 152 Change of Name
- [ ] 153 Transcript of Judgment
- [ ] 154 Foreign Judgment
- [ ] 158 Quiet Title
- [ ] 160 Forfeiture
- [ ] 175 Election Challenge
- [ ] 179 Employer Sanction Action (A.R.S. §23-212)
- [ ] 180 Injunction against Workplace Harassment
- [ ] 181 Injunction against Harassment
- [ ] 182 Civil Penalty
- [ ] 186 Water Rights (**Not General Stream Adjudication**)
- [ ] 187 Real Property
- [ ] Sexually Violent Person (A.R.S. §36-3704)
  (Except Maricopa County)
- [ ] Minor Abortion (See Juvenile in Maricopa County)
- [ ] Special Action Against Lower Courts
  (See lower court appeal cover sheet in Maricopa)
- [ ] Immigration Enforcement Challenge (A.R.S. §§1-501, 1-502, 11-1051)

**150-199 UNCLASSIFIED CIVIL CASE TYPES:**
- [ ] Administrative Review
  (See lower court appeal cover sheet in Maricopa)
- [ ] 150 Tax Appeal
  (All other tax matters must be filed in the AZ Tax Court)

- [ ] 155 Declaratory Judgment
- [ ] 157 Habeas Corpus
- [ ] 184 Landlord Tenant Dispute- Other
- [ ] 159 Restoration of Civil Rights (Federal)
- [ ] 159 Clearance of Records (A.R.S. §13-4051)
- [ ] 190 Declaration of Factual Innocence (A.R.S. §12-771)
- [ ] 191 Declaration of Factual Improper Party Status
- [ ] 193 Vulnerable Adult (A.R.S. §46-451)
- [ ] 165 Tribal Judgment
- [ ] 167 Structured Settlement (A.R.S. §12-2901)
- [ ] 169 Attorney Conservatorships (State Bar)
- [ ] 170 Unauthorized Practice of Law (State Bar)
- [ ] 171 Out-of-State Deposition for Foreign Jurisdiction
- [ ] 172 Secure Attendance of Prisoner
- [ ] 173 Assurance of Discontinuance
- [ ] 174 In-State Deposition for Foreign Jurisdiction
- [ ] 176 Eminent Domain– Light Rail Only
- [ ] 177 Interpleader– Automobile Only
- [ ] 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- [ ] 183 Employment Dispute- Discrimination
- [ ] 185 Employment Dispute-Other
- [ ] 163 Other

_____
(Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

- [ ] Antitrust/Trade Regulation
- [ ] Construction Defect with many parties or structures
- [ ] Mass Tort
- [ ] Securities Litigation with many parties
- [ ] Environmental Toxic Tort with many parties
- [ ] Class Action Claims
- [ ] Insurance Coverage Claims arising from the above-listed case types
- [ ] A Complex Case as defined by Rule 8(i) ARCP

Additional Plaintiff(s)

_____
_____

Additional Defendant(s)

_____
_____